HART, Plaintiff in Error, *vs.* THE MISSOURI STATE MUTUAL FIRE AND MARINE INSURANCE CO., Defendant in Error.

1. Where a corporation has implied power to receive notes in the regular course of its business, although expressly prohibited from exercising any banking privileges, a note assigned to the corporation will be presumed to have been taken in accordance with the charter, until the contrary is made to appear by the party setting up the illegality of the transaction as a defence.

2. Where a set-off exceeding plaintiff's demand is not replied to, judgment is correctly rendered for the defendant upon his motion, without waiting for the trial of other issues made by the pleadings.

*Error to St. Louis Court of Common Pleas.*

This action was brought by Hart, as assignee of Hesse, to recover a balance claimed to be due on account of a loss under a policy of insurance.

The defendant answered, putting in issue the assignment from Hesse to the plaintiff, and pleading as a set-off a note executed by Hesse and his partner to Doan, King & Co., and assigned to the defendant before the date of the alleged assignment from Hesse to the plaintiff. The note was for an amount exceeding the balance claimed by plaintiff.

The plaintiff moved to strike out the set-off, but his motion was overruled, and failing to reply, judgment was rendered for the defendant.

*H. N. Hart,* in proper person. 1. A motion to strike out the offset should have been sustained. The defendant has no power to buy and sell notes, but, on the contrary, is expressly prohibited from so doing by the 19th section of its charter. (Sess. Acts of 1849, p. 379.) 2. The court below erred in rendering final judgment before the issues were tried. If the issue upon the assignment had been found against the plaintiff, there could have been no judgment for the defendant upon his set-off.

*Glover & Richardson,* for defendant in error. 1. The motion to strike out the defendant's set-off was properly over-

ruled, because the court could not see that the endorsement of the note in question to the company necessarily implied any violation of its charter. 2. The plaintiff refusing to put in any replication to the set-off, and the set-off exceeding in amount the plaintiff's demand, the proper judgment was that he take nothing by his action.

SCOTT, Judge, delivered the opinion of the court.

It is no defence to an action brought by a corporation that it has violated its charter, whereby it has become subject to forfeiture. (12 Mo. Rep. 131.) This principle, however, it is conceived, does not prevent the making of the defence that the contract of a corporation is unauthorized by its charter. (Ang. 233.) In this respect, a corporation and an individual stand upon very different grounds. The latter may make all contracts not prohibited by law, while the former, having been created for a specific purpose, not only can make no contract forbidden by its charter, which is, as it were, the law of its nature; but, in general, can make no contract which is not necessary, either directly or incidentally, to enable it to answer that purpose. (Angel on Corporations, 233.)

In general, an express authority is not indispensable to confer upon a corporation the right to borrow money, to deal on credit, or become drawer, endorser or acceptor of a bill of exchange, or to become a party to any other negotiable paper. (Angel, 234.) In deciding whether a corporation can make a particular contract, we are to consider, in the first place, whether its charter, or some statute binding upon it, forbids or permits it to make such a contract, and if the charter and statutory law are silent on the subject, in the second place, whether a power to make such a contract may not be implied, on the part of the corporation, as directly or incidentally necessary, to enable it to fulfil the purpose of its existence; or, whether the contract is entirely foreign to that purpose. (Angel, 234.)

This corporation (the defendant) might have received notes in the course of its proper business, although it was expressly restrained from exercising any banking privileges whatever. Under such circumstances, evidence would be admissible against the corporation to impeach the notes, by showing that they were issued for another purpose, or received in the course of business improper or forbidden to it.

As the defendant (the corporation) might have received the note, the subject of the set-off in this suit, in the regular course of its business, and as a violation of law is not to be presumed, it was the duty of the plaintiff to set up in his reply the facts on which he relied to show the illegality of the conduct of the defendant, in receiving the note used as a set-off. Having failed to do this, as the set-off exceeded his demand, and was unanswered, the court correctly entered judgment for the defendant.

The other judges concurring, the judgment will be affirmed.